IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES SMITH                                              CV 08-656-MA

        Plaintiff,                                  OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.

RORY LINERUD
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
(503) 587-8776

        Attorneys for Plaintiff

KENT S. ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1 - OPINION AND ORDER

MATHEW W. PILE
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3621

       Attorneys for Defendant

MARSH, Judge.

    The matter is before me on plaintiff's Motion for EAJA Fees (#24) in the sum of $8,697.54.  I grant the motion for an award of attorneys' fees.  For the following reasons, however, I substantially reduce the amount of fees requested and conclude a reasonable attorneys' fee is $5,072.87.

    On May 30, 2008, plaintiff James Smith filed this action for review of the Commissioner's final decision denying his claim for disability insurance benefits and supplemental security income under the Social Security Act.  On March 26, 2009, in accordance with the parties' stipulation, I signed a Judgment reversing and remanding the matter to the Commissioner for further proceedings to reevaluate the medical record, plaintiff's credibility, plaintiff's residual functional capacity and, if necessary, obtain vocational expert testimony.

    The parties agree plaintiff is entitled to an award of reasonable attorneys fees under the Equal Access to Justice Act

(EAJA), 28 U.S.C. § 2412 et seq.  The Commissioner, however, objects to the amount of the attorneys fees in "this routine case" based on questionable billing practices of plaintiff's attorney, Rory Linerud.  The Commissioner compared Linerud's billings in 16 social security disability cases and noted the "substantial dissimilarity" in the cases, but the "substantial similarity" in the fee requests.

The common threads running through Linerud's fee petitions are his use of block billing practices, e.g., 10.25 hours for researching legal issues and preparing outline of legal arguments, billing time at the same hourly rate for legal and routine clerical tasks, billing in 15 minute increments regardless of the task, and spending approximately the same amount of time, resulting in similar fees requests in multiple cases, regardless of the complexity of each of those case.

Other judges in this district have addressed the same concerns with Linerud's billing practices.  In Brandt v. Astrue, 08-CV-0658-TC  (June 16, 2009), Magistrate Judge Coffin did not dispute the reasonableness of Linerud's hourly billing rate of $166.46, but reduced plaintiff's EAJA attorney fee request from $8,489.46 to $4,229.74 pursuant to a formula that eliminated fees for tasks that were primarily clerical, reduced by 30% the amount of fees claimed for a legal task or tasks based on 15 minute increments, and eliminated redundant billing, e.g.,

3 - OPINION AND ORDER

reduced some block-billed tasks on which an excessive amount of time was claimed to have been spent.  In <u>Black v. Astrue</u>, 08-CV-539-KI, Judge King adopted Judge Coffin's approach and reduced plaintiff's EAJA fee request from $8,447.85 to $5,131.13.

In light of the similarity between those cases and this case, I adopt the same approach and use the same methodology to calculate an appropriate fee award used by Judge Coffin and Judge King.  Accordingly, the fee petition shall be adjusted by taking into account the following factors and methodology:

Counsel's hourly rate of $166.46 is reasonable, and the total fee shall be based on that hourly rate.  Fees claimed for performing tasks that are in part clerical shall be reduced by 75%; fees claimed for performing tasks that are fundamentally clerical is eliminated; and fees claimed under quarter-hour billing increments shall be reduced by 30%.

Based on these factors, I adjust plaintiff's EAJA fee petition as follows:[1]

**1.    <u>Reduction of Hours Spent In Part on Clerical Tasks</u>:**

> Preparation of Summons, Complaint, and Civil Sheet (3.00) - .75 hours;
>
> Drafting EAJA application and supporting documents (2.00) - .50 hours.

<u>Time Allowed - 1.25 hours</u>.

---

[1] The time claimed by counsel is in parentheses.  The time allowed by the court, if any, follows.

4 - OPINION AND ORDER

**2.    Elimination of Time Spent on Primarily Clerical Tasks**:

      Preparation of IFP Affidavit (.50)

      Letter to U.S. Attorney with SSN (.25)

      Filed Summons, Complaint, Civil Cover Sheet
      w/ attachment, And IFP application (1.00)

      Service on Defendant by Certified Mail;
      Preparation, Mailing summons and Complaint
      3 Parties (1.00)

      Prepared Certificate of Service (.50)

      Filed Certificate of Service w/ Return Cards (.25)

    Time Allowed - None.

**3.    Reduction for Legal Work Billed in 15 Minute Billing Increments:**

    Linerud billed a total of 8.25 hours in 15 minute billing increments, performing tasks individually taking less than one hour. Consistent with Judge King and Magistrate Judge Coffin, I reduce by 30% the time claimed by Linerud for legal tasks billed in this manner.

    Time Allowed - 5.775 hours.

**4.    Reduction for Block Billing of Legal Work:**

    Linerud block-billed a total 33.50 hours on multiple legal tasks. The transcript in this case includes 327 pages, almost identical to the 324-page transcript in Black. Accordingly, I adopt Judge King's reasoning in Black, and like Judge King, I reduce plaintiff's fee for this block billed time by 30%.

    Time Allowed - 23.45 hrs.

5 - OPINION AND ORDER

5.   In summary, I conclude a reasonable attorneys' fee in this matter is $5,072.87 (30.475 hours x $166.46).

## CONCLUSION

Plaintiff's Motion for EAJA Fees is Granted in part, for an award of $5,072.87, to be paid directly to attorney Rory Linerud.

IT IS SO ORDERED.

DATED this  20 day of July, 2009.


　　　　　　　　　　　　　　　　   /s/   Malcolm F. Marsh
　　　　　　　　　　　　　　　　      MALCOLM F. MARSH
　　　　　　　　　　　　　　　   United States District Judge